IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Boris OUCHAKOF, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Boris OUCHAKOF, Respondent.

Supreme Court

*No. 02–0875–D. Decided November 15, 2002.*

**2002 WI 122**

(Also reported in 653 N.W.2d 108.)

¶ 1. PER CURIAM. We review the petition filed by Attorney Boris Ouchakof pursuant to current SCR 22.19 for a consensual revocation of his license to practice law in this state. In that petition Ouchakof asserts that he cannot successfully defend against any of the allegations of misconduct set forth in the Office of Lawyer Regulation's (OLR) complaint filed against him on March 28, 2002.[1] Given the severity of the 41 counts of misconduct alleged against Ouchakof in the OLR complaint, plus the additional 12 counts of misconduct currently being investigated by the OLR based on 4 separate clients' grievances filed against Ouchakof, which Ouchakof also acknowledges he cannot successfully defend against, we conclude revocation of Ouchakof's license to practice law in this state is fully warranted and we so order. We further order that

---

[1] Effective October 1, 2000, Wisconsin's attorney disciplinary process was substantially restructured. The name of the body responsible for investigating and prosecuting cases involving attorney misconduct was changed from the Board of Attorneys Professional Responsibility to the Office of Lawyer Regulation and the supreme court rules applicable to the lawyer regulation system were also revised in part. Most of the conduct underlying this case arose prior to October 1, 2000. However, the complainant in this case will be referred to as the OLR. All references to supreme court rules will be to those in effect prior to October 1, 2000, unless otherwise noted.

Ouchakof pay the costs incurred in this disciplinary proceeding totaling $3246.72. We accept the OLR report and the referee's report supporting Ouchakof's petition for consensual revocation of his license to practice law in this state.

¶ 2. Boris Ouchakof was admitted to practice law in Wisconsin on September 8, 1989, and has practiced since then in Madison. His license is currently suspended and has been suspended since June 5, 2000, due to his noncompliance with continuing legal education requirements.

¶ 3. On March 28, 2002, the OLR filed a complaint in this court charging Ouchakof with 41 counts of professional misconduct relating to 14 separate client matters. Several of those counts arose after Ouchakof was hired as an associate in a Madison law firm in 1992. He remained with that firm until September 30, 1998. The OLR complaint detailing Ouchakof's conduct while an associate in the firm alleged that he had secretly charged and accepted fees without disclosing or remitting those fees to the firm as his employment contract required; that he failed to open firm files for various clients despite using the firm's resources and staff for those clients; that he billed various clients of the firm using his own letterhead, not the firm's, and then failed to remit the fees he received to the firm.

¶ 4. In addition, the OLR complaint alleged numerous acts of misconduct by Ouchakof in representing clients, several of whom had retained him to assist them in immigration, asylum, visa or work permit issues with the Immigration and Naturalization Service (INS).

¶ 5. More specifically, the 41 misconduct counts alleged against Ouchakof by the OLR in its complaint include:

- Six counts of engaging in conduct involving dishonesty, fraud, deceit or misrepresentation contrary to SCR 20:8.4(c).

- Six counts of failing to act with reasonable diligence and promptness in representing a client, contrary to SCR 20:1.3.

- Eight counts of failing to promptly comply with a client's reasonable request for information contrary to SCR 20:1.4(a).

- One count of failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding representation contrary to SCR 20:1.4(b).

- One count of failing to communicate the basis or rate of his fee to a client within a reasonable time after commencing representation contrary to SCR 20:1.5(b).

- One count of violating SCR 20:1.15(d) which provides that when a lawyer is in possession of property in which both the lawyer and another person claim interest, the property shall be treated by the lawyer as trust property until there has been an accounting and severance of their interest.

- Four counts of violating SCR 20:1.16(d) which requires a lawyer, upon termination of representation, to take steps to protect a client's interest.

- One count of practicing law during the time when his law license was suspended thereby violating SCR 31.10(1) which prohibits a lawyer from engaging in the practice of law in Wisconsin while his bar

■

membership is suspended and therefore violating SCR 20:8.4(f) which states that it is professional misconduct for an attorney to violate a supreme court rule regulating the conduct of lawyers.

- Three counts of violating current SCR 21.15(4) which provides that an attorney's willful failure to cooperate with the Office of Lawyer Regulation constitutes a violation of the Rules of Professional Conduct.

- Three counts of violating current SCR 22.03(2) which requires a respondent to fully and fairly disclose all facts and circumstances pertaining to alleged misconduct within 20 days after being served with a request for a written response.

- Three counts of violating current SCR 22.03(6) which provides that a respondent's willful failure to provide relevant information to answer questions fully, or to furnish documents is misconduct, regardless of the merits of the matters asserted in the grievance.

- One count of violating SCR 22.26(1)(b) which required a suspended attorney to promptly notify a court or administrative agency and the attorney for each opposing party of the suspension and the suspended attorneys consequent inability to act as an attorney.

- Three counts of violating SCR 22.26(1)(a)1. which required a suspended attorney to notify by certified mail all clients being represented in pending matters of suspension and the consequent inability to act as an attorney and to advise the clients to seek legal advice elsewhere.

¶ 6. In addition to these 41 counts of misconduct, the OLR is currently investigating grievances filed by 4 clients against Ouchakof; all of those grievances under investigation were filed by clients who had retained Ouchakof for assistance in dealing with the INS. Those 4 pending investigations involve 12 additional counts of misconduct including 2 counts of violating SCR 20:1.3; 1 count of violating SCR 20:1.4(a); 1 count of violating SCR 20:1.16(d); 2 counts of violating SCR 20:8.4(c); 2 counts of violating SCR 22.03(2); 1 count of violating SCR 22.26(1)(a)1.; and 3 counts of violating SCR 31.10(1).

¶ 7. After Ouchakof filed his answer to the OLR complaint, Attorney Steven J. Caulum was appointed as a referee to hear the misconduct case. Also, after Ouchakof's answer was filed, the OLR began its investigation into the 4 additional grievances by Ouchakof's clients alleging the 12 additional acts of misconduct.

¶ 8. Prior to any hearing before the referee Ouchakof filed his petition for consensual license revocation pursuant to current SCR 22.19 acknowledging that he cannot successfully defend against the allegations of misconduct set forth in the OLR's complaint or against the allegations of misconduct identified in the pending grievance investigations. He also asserts that he does not want to go through the process of a hearing before the referee; therefore, he petitions this court for consensual revocation of his license to practice law.

¶ 9. These are serious and wide-ranging allegations of professional misconduct that Ouchakof now acknowledges he cannot successfully defend against. The OLR has filed a statement in support of this petition and the referee has recommended that this court impose the maximum discipline available. We

agree and conclude that Ouchakof's egregious behavior warrants the revocation of his license to practice law in this state. Accordingly,

¶ 10. IT IS ORDERED that Boris Ouchakof's license to practice law in this state is revoked effective the date of this order.

¶ 11. IT IS FURTHER ORDERED that within 60 days of the date of this order, Boris Ouchakof pay to the Office of Lawyer Regulation the costs of this proceeding totaling $3246.72.

¶ 12. IT IS FURTHER ORDERED that Boris Ouchakof comply with the provisions of current SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.