# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2002AP875-D |
| COMPLETE TITLE: | |

In the Matter of Disciplinary Proceedings
Against Boris Ouchakof, Attorney at Law:

Office of Lawyer Regulation,
          Complainant,
     v.
Boris Ouchakof,
          Respondent.

REINSTATEMENT PROCEEDINGS FOR OUCHAKOF

| | |
|---|---|
| OPINION FILED: | May 29, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| |
|---|
| SOURCE OF APPEAL: |
| COURT: |
| COUNTY: |
| JUDGE: |

| |
|---|
| JUSTICES: |
| CONCURRED: |
| DISSENTED: |
| NOT PARTICIPATING: |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2002AP875-D

STATE OF WISCONSIN            :            IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Boris Ouchakof, Attorney at Law:**

**Office of Lawyer Regulation,**

**Complainant,**

   **v.**

**Boris Ouchakof,**

   **Respondent.**

**FILED**

**MAY 29, 2013**

Diane M. Fremgen
Clerk of Supreme Court

---

ATTORNEY reinstatement proceeding.   *Reinstatement granted upon conditions.*

¶1   PER CURIAM.   We review the report and recommendation of the referee, Attorney Lisa C. Goldman, that the license of Attorney Boris Ouchakof to practice law in Wisconsin should be reinstated with certain specified conditions.[1]   After fully

---

[1] Because neither party appealed from the referee's report and recommendation, our review proceeds under SCR 22.33(3), which provides that "[i]f no appeal is timely filed, the supreme court shall review the referee's report, order reinstatement, with or without conditions, deny reinstatement, or order the parties to file briefs in the matter."

reviewing this matter, we agree with the referee that Attorney Ouchakof's license should be reinstated and that a condition should be placed upon his practice of law in this state. We modify the referee's recommended condition slightly in order to provide clarification of the scope of the required monitoring. We also determine that Attorney Ouchakof should be required to pay the costs of this reinstatement proceeding, which were $1,483.43 as of December 13, 2012.

¶2 The standards that apply to all petitions seeking reinstatement after a disciplinary suspension or revocation are set forth in SCR 22.31(1).[2] In particular, the petitioning attorney must demonstrate by clear, satisfactory, and convincing evidence that he or she has the moral character necessary to practice law in this state, that his or her resumption of the

---

[2] SCR 22.31(1) states:

The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to [(4m)] and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the attorney has complied fully with the terms of the suspension or revocation order and the requirements of SCR 22.26. In addition, SCR 22.31(1)(c) incorporates the statements that a petition for reinstatement must contain pursuant to SCR 22.29(4)(a)-[(4m)].[3] Thus, the petitioning attorney must

---

[3] SCR 22.29(4)(a) through (4m) provides that a petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

demonstrate that the required representations in the reinstatement petition are substantiated.

¶3 As set forth in our prior disciplinary decision, In re Disciplinary Proceedings Against Ouchakof, 2002 WI 122, 257 Wis. 2d 1, 653 N.W.2d 108 (Ouchakof I), Attorney Ouchakof was admitted to the practice of law in Wisconsin in September 1989. He thereafter practiced in Madison. From 1992 to 1998 he was employed as an associate attorney with a Madison law firm. He then opened his own law office.

¶4 In June 2000 Attorney Ouchakof's license was administratively suspended due to his failure to comply with the mandatory reporting requirements for continuing legal education (CLE). His license has not returned to active status since that time.

¶5 Attorney Ouchakof was not the subject of any disciplinary proceeding until March 2002, when the Office of

---

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(4m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so.

Lawyer Regulation (OLR) filed a disciplinary complaint that charged Attorney Ouchakof with 41 counts of professional misconduct arising out of 14 separate client matters and his practice of law during an administrative suspension. In addition to the counts charged in the complaint, the OLR was also investigating an additional 12 counts of potential misconduct arising out of another four client grievances.

¶6 The misconduct described in the complaint included allegations that while employed by the law firm, Attorney Ouchakof secretly charged and personally accepted fees that he did not remit or even disclose to his employer, contrary to his employment contract. He was also alleged, inter alia, to have failed to act with reasonable diligence and promptness, to have failed to comply promptly with clients' reasonable requests for information, to have failed to communicate the basis or rate of his fee, to have failed to hold in trust property in which another person had an interest, to have failed to protect his clients' interests upon the termination of his representation, and to have failed to cooperate with and provide relevant information to the OLR.

¶7 After the filing of the OLR's complaint, Attorney Ouchakof filed a petition for the voluntary revocation of his license to practice law in Wisconsin. His petition stated that he could not successfully defend against the misconduct allegations set forth in the complaint or the misconduct allegations which the OLR was still investigating. This court

granted the petition and revoked his license in November 2002. Ouchakof I, 257 Wis. 2d 1, ¶10.[4]

¶8  In December 2011 Attorney Ouchakof filed a petition for reinstatement.  The OLR's response to the petition stated that it did not oppose his reinstatement.  The referee then held a public hearing on the reinstatement petition and filed a report and recommendation with this court.

¶9  The referee found that following the revocation of his license, Attorney Ouchakof maintained steady employment summarizing medical records for Becker Law Offices.  The referee further found that Attorney Ouchakof's work for Becker Law Offices did not constitute the practice of law or work that is otherwise prohibited by SCR 22.26(2).  Attorney Ouchakof's employment with Becker Law Offices terminated in November 2011 for reasons unrelated to his job performance.  He has since been seeking other employment.  In addition to his employment at the law firm, Attorney Ouchakof has also for many years been involved with coaching a club soccer team in Madison and has extensively volunteered his time at his church, both of which indicate a genuine desire to contribute to the community and to live a life characterized by positive conduct.  The referee noted that the record contained a number of letters from members of the legal community, including individuals associated with

---

[4] We also ordered Attorney Ouchakof to pay the costs of that disciplinary proceeding.  The OLR's response to Attorney Ouchakof's petition for reinstatement advises that he satisfied the cost judgment in November 2003.

Becker Law Offices, who attested to Attorney Ouchakof's character and trustworthiness, viewed favorably Attorney Ouchakof's work, and supported his reinstatement to the practice of law. No testimony or letters in opposition to his reinstatement were received.

¶10 The referee commented at some length on the fact that Attorney Ouchakof had testified that during the events underlying the revocation of his license he had been suffering from a major depression and that he has continued to be treated for depression. The referee noted that the 2002 disciplinary proceeding did not involve a determination of any medical incapacity. Nonetheless, she indicated that, given Attorney Ouchakof's history of depression, he needed to show that he is treating his depression such that he will be able, if reinstated, to meet the obligations of practicing law in accord with the ethical standards adopted by this court. The referee concluded that Attorney Ouchakof had made such a showing. She accepted Attorney Ouchakof's testimony that he has continued to take the medication prescribed by his treatment provider to keep his depression under control.

¶11 Accordingly, the referee determined that through his written submissions and during the public hearing, Attorney Ouchakof had satisfied all of the requirements for reinstatement by clear, satisfactory, and convincing evidence. The referee concluded that Attorney Ouchakof may now safely be recommended to return to the practice of law in this state.

¶12 The referee, however, expressed concern that Attorney Ouchakof may require some assistance to ensure that his depression does not derail his reintegration into the practice of law. In particular, the referee was concerned by the fact that Attorney Ouchakof had ceased counseling several years ago when his counselor had moved away from the area because the counselor had not discharged him at that time from the need for any further counseling. The referee therefore recommended as a condition of reinstatement that the court require Attorney Ouchakof to enter into a monitoring contract with the Wisconsin Lawyers Assistance Program (WisLAP) to monitor his treatment for depression. The referee indicated that such monitoring would be important during the time following Attorney Ouchakof's reinstatement, but did not indicate how long she thought such monitoring should continue.

¶13 We review referee reports in reinstatement proceedings under standards of review similar to those we use for reviewing referee reports in disciplinary proceedings. We do not overturn a referee's findings of fact unless they are clearly erroneous. On the other hand, we review a referee's legal conclusions, including whether the attorney has satisfied the criteria for reinstatement, on a de novo basis. In re Disciplinary Proceedings Against Jennings, 2011 WI 45, ¶39, 334 Wis. 2d 335, 801 N.W.2d 304; In re Disciplinary Proceedings Against Gral, 2010 WI 14, ¶22, 323 Wis. 2d 280, 779 N.W.2d 168.

¶14 Neither party has challenged any of the referee's findings of fact or legal conclusions about Attorney Ouchakof's

8

compliance with the standards for reinstatement. Our own review of the matter leads us to accept the referee's findings of fact. Those findings show that for nearly all of the period of revocation Attorney Ouchakof has maintained steady employment, has conducted himself in an exemplary manner, and has demonstrated the required competence and learning in the law. We therefore agree with the referee's legal conclusion that Attorney Ouchakof has satisfied the requirements for the reinstatement of his license to practice law in this state by clear, satisfactory, and convincing evidence.

¶15 We further agree with the referee that in light of Attorney Ouchakof's history of depression, it is appropriate to impose a condition on his practice of law following his reinstatement. We modify and clarify slightly the referee's recommendation in this regard. We direct Attorney Ouchakof to enter into an agreement with WisLAP for the purpose of monitoring his compliance with the recommendations of his health care providers regarding his depression. The duration of this condition and his monitoring agreement with WisLAP should be a period of one year from the date of his reinstatement. We impose this condition not as a punishment or sanction on Attorney Ouchakof, but rather out of concern for ensuring his successful return to the practice of law, with all of its joys and stresses.

¶16 Finally, we turn to the issue of costs. This court's general policy in reinstatement proceedings, as in disciplinary proceedings, is to require the attorney who is the subject of

those proceedings to pay the full costs of the reinstatement proceeding. The OLR's statement of costs indicates that the costs of this proceeding, as of December 13, 2012, were $1,483.43, against which Attorney Ouchakof's initial $200 deposit must be applied. Attorney Ouchakof has not filed an objection to the OLR's statement of costs, and we perceive no basis to depart from our general policy in this matter. Accordingly, we will order Attorney Ouchakof to pay the full remaining costs of these proceedings.

¶17 IT IS ORDERED that the petition for reinstatement of the license of Boris Ouchakof to practice law in Wisconsin is granted, effective the date of this order.

¶18 IT IS FURTHER ORDERED that, for a period of one year from the date of this reinstatement order, Boris Ouchakof's license to practice law in Wisconsin shall be subject to the following condition: Boris Ouchakof shall enter into and comply with an agreement with the Wisconsin Lawyers Assistance Program for the purpose of monitoring his compliance with the recommendations of his health care providers regarding his depression.

¶19 IT IS FURTHER ORDERED that within 90 days of the date of this order, Boris Ouchakof shall pay to the Office of Lawyer Regulation all outstanding costs of this proceeding.

¶20 IT IS FURTHER ORDERED that compliance with all of the terms of this order remains a condition of Boris Ouchakof's license to practice law in Wisconsin.

10